**Nicola LaToya DENNIS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–5751–ag.**

United States Court of Appeals, Second Circuit.

May 22, 2006.

Aleksander Milch, New York, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Rebecca R. Haywood, Assistant United States Attorney, Pittsburgh, Pennsylvania, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Nicola LaToya Dennis, though counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Steven R. Abrams, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA adopted and affirmed the decision of the IJ without expressly addressing each of the grounds for denial, this Court will review the entire IJ decision and will not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including determinations that an applicant failed to prove eligibility for asylum or withholding of re-

moval, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 238 (2d Cir.1992). Questions of law, such as assertions that the IJ used the incorrect standard of law, are reviewed *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Since Dennis's asylum claim rests on whether she was able to prove that she had a well-founded fear of persecution on account of an enumerated ground even if credible, this Court reaches only the enumerated ground issue. Dennis attempts to define her social group as individuals with the following characteristics: someone who is not a member of a gang, someone is who recognizable as not being a member of a gang, and someone who would be suspected of being a police informant. This Court has explained that the definition of a social group should be defined broadly, but the "on account of" requirement should be strictly interpreted. *Hong Ying Gao v. Gonzales,* 440 F.3d 62, 68 (2d Cir.2006). Even if we accept Dennis's definition of a social group, her claim fails because she failed to prove that there was a reasonable possibility of persecution on account of her membership in that social group. *Id.* (explaining that an applicant must demonstrate that the characteristics of the social group are "a central reason why she has been, or may be, targeted for persecution").

She clearly testified that individuals do not go to the police when they have problems with gang violence because one cannot trust the police. In fact, she indicated that everyone believes the police are affiliated with the gangs, which severely undercuts her assertion that the gangs would think she would inform the police about the gang's plan. She did state that the gang knew she was not a gang member, but there is no evidence that the gang would persecute her on account of her not being a member of their gang. Although, as the IJ notes, the record indicates that there are significant gang problems in Jamaica, there is no evidence that there is a widespread pattern or practice of persecution against non-gang members. The IJ's determination, as affirmed by the BIA, that Dennis did not prove that she would be targeted because she was a non-gang member who was suspected of being an informant was reasonable, and it does not compel us to find otherwise.

The government correctly asserts that Dennis failed to argue that she had a well-founded fear of persecution on account of an imputed political opinion to the BIA. Accordingly, the claim is not exhausted and we are precluded from addressing it 8 U.S.C. § 1252(d)(1). Moreover, Dennis also failed to challenge the denial of her withholding of removal and CAT claims before the BIA, and they are not exhausted. *Id.; see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).